IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00201-RM-KLM

HILLARY VALLES,

      Plaintiff,

v.

GEN-X ECHO B, INC, d/b/a GENX and
MARTIN COLLAZO RANGEL,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Plaintiff's Motion for Leave to File Her Third Amended Complaint by Adding New Party Defendant GENX Clothing, Inc.** [Docket No. 41; Filed August 14, 2013] (the "Motion").  On September 9, 2013, Defendant Gen-X Echo B, Inc. ("Gen-X") filed a Response [#46].  Plaintiff has not filed a reply and her time to do so has elapsed.  Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C the Motion has been referred to this Court for a recommendation regarding disposition [#42].[1]

The Court has reviewed the Motion, the Response, the entire docket, and the applicable

_____

[1] A magistrate judge may issue orders on nondispositive motions only.  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases).  When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive.  *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002).  For the purposes of resolving the present Motion, the Court assumes that the issue is dispositive and requires a recommendation to District Judge Raymond P. Moore.

1

law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#41] be **DENIED**.

### I. Background

Plaintiff filed this civil action on January 28, 2013, asserting claims against Defendant Gen-X and Defendant Martin Rangel ("Rangel").  *See generally Complaint* [#1].  Specifically, Plaintiff brought four claims against Defendant Gen-X: violation of Title VII, retaliation pursuant to Title VII, violation of the Colorado Wage Act, and negligent retention.  *See id.* at 5-7.  Plaintiff brought an assault claim against Defendant Rangel.  *See id.* at 7-8.  On April 13, 2013, Plaintiff filed her First Amended Complaint With Demand for Jury Trial pursuant to Fed. R. Civ. P. 15(a)(1).  *See generally Am. Compl.* [#10].  In her Amended Complaint Plaintiff continued to assert the same claims, but "correct[ed] the name of Defendant [Gen-X]."  *Id.* at 1.  On July 2, 2013, the Court granted Plaintiff's Unopposed Motion to File Second Amended Complaint and Join Additional Parties [#24] and the Court accepted for filing her Second Amended Complaint [#27].  Plaintiff's Second Amended Complaint With Demand for Jury Trial added claims against two additional Defendants and maintained her previously asserted claims against Defendant Gen-X and Defendant Rangel.  *See Second Am. Compl.* [#27] at 5-10.

In the pending Motion, Plaintiff seeks to file a Third Amended Complaint which adds a new defendant, GenX Clothing, Inc. ("GenX Clothing"), and asserts Plaintiff's two causes of action brought pursuant to Title VII against both Defendant Gen-X and GenX Clothing.  *See Proposed Third Am. Compl.* [#41-5] at 8-10.  The proposed Third Amended Complaint does not change the other claims Plaintiff asserted in her Second Amended Complaint. *See*

*generally Proposed Third Am. Compl.* [#41-5]. Plaintiff asserts that GenX Clothing and Gen-X "constitute part of an integrated enterprise." *Motion* [#41] at 4. Plaintiff seeks to add GenX Clothing because she believes that the separate incorporation of Gen-X and GenX Clothing works to minimize each company's exposure to damages in Title VII claims. *Id.* at 4-5. Plaintiff argues that the Court should allow her to amend her Second Amended Complaint to add GenX Clothing and offers argument regarding the "integrated-enterprise test." *Id.* at 5. Plaintiff further argues that her amendment relates back to her original Complaint pursuant to Fed. R. Civ. P. 15(c). *Id.* at 6-13. Notably, Plaintiff does not discuss Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 15(a) in her Motion.

In its Response, Defendant GenX argues that "Plaintiff cannot establish good cause for modifying the Scheduling Order as required by Fed. R. Civ. P. 16(b) and Local Rule 16.1." *Response* [#46] at 1-2. Defendant GenX further argues that "Plaintiff does not contend, nor could she, that she first learned of or had access to the facts underlying her proposed Third Amended Complaint after the deadline to amend pleadings expired." *Id.* at 6 (citing to *Motion* [#43] at 2 n.1). In support of this argument, Defendant Genx analyzes each fact Plaintiff relies on for her argument that GenX and GenX Clothing are an integrated-enterprise and explains that Plaintiff knew or should have know this information prior to the expiration of the deadline to amend pleadings. *Id.* at 6-8. Defendant GenX asserts that "[b]ecause Plaintiff has failed to show that the deadline for joinder of parties and amendment of pleadings could not have been met despite her diligent efforts, the Court should deny her Motion." *Id.* at 10. Defendant GenX also argues that "[e]ven if the Court finds that good cause exists, it should deny [the] Motion under Rule 15(a) because Plaintiff unduly delayed in filing it." *Id.* at 11.

3

Although she had an opportunity to respond to Defendant GenX's arguments regarding Rules 16(b) and 15(a), Plaintiff did not file a reply and her time to do so has elapsed.

## II. Analysis

As a preliminary matter, the Court must first determine whether the movant has filed its Motion within the deadline prescribed by the Scheduling Order, and if not, whether the movant established good cause for its failure to timely do so.[2]  If good cause is shown, the Court then considers any arguments raised by the parties related to whether justice would be served by amendment.  Specifically, the Court should grant leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  This two-step analysis has been explained as

---

[2]  Although the Tenth Circuit has not explicitly adopted this test related to amendment of pleadings generally, it this Court's practice, and indeed the practice of other judges in this District, to resolve untimely motions to amend first by considering the Rule 16(b)(4) good cause standard as a threshold issue.  *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that the Court of Appeals "adopted a similar interpretation of Rule 16(b)([4])'s 'good cause' requirement in the context of counterclaims asserted after the [pleading amendment] deadline" (citation omitted)).  *See also, e.g.*, *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)(4)); *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL1464588 (Apr. 18, 2011) (unpublished decisions) ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15."); *see also Schneider v. City of Grand Junction, Colo.*, No. 10-cv-01719-MSK-KLM, slip op. (D. Colo. Apr. 25, 2011) [Docket No. 77], *adopted by* slip op. (July 12, 2011) [Docket No. 87] (unpublished decisions) (reviewing untimely motion to amend only as to good cause standard pursuant to Rule 16(b)(4)).  Simply, if good cause is not shown, the Court is not required to consider whether Rule 15(a) excuses that failure. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'").

follows:

> Rule 16(b)[(4)]'s good cause standard is much different [from] the more lenient standard contained in Rule 15(a).  Rule 16(b)[(4)] does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this Court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted);

*accord Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.

1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)[(4)]'s 'good cause' standard is much

different [from] the more lenient standard contained in Rule 15(a). . . .  Properly construed,

'good cause' means that scheduling deadlines cannot be met despite a party's diligent

efforts. . . .").  If a party fails to show good cause under Rule 16(b)(4), there is no need for

the Court to move on to the second step of the analysis, *i.e.*, whether that party has, as to

his or its respective Motion, satisfied the requirements of Rule 15(a).  *Nicastle*, 2011 WL

1465586, at *3.  The Court addresses each step in turn.

**A.      Good Cause Pursuant to Fed. R. Civ. P. 16(b)(4)**

In this case, the deadline for joinder of parties and amendment of pleadings was

June 29, 2013.  *Sched. Ord.* [#19] at 4.  The present Motion was filed on August 14, 2013,

and, therefore, is untimely.  Accordingly, Plaintiff must provide good cause for her failure

to timely move for joinder of a party and amendment of her pleading pursuant to Fed. R.

Civ. P. 16(b)(4) (a Scheduling Order deadline  "may be modified only for good cause and

with the judge's consent.").  To do this, Plaintiff must "show that [she was] diligent in

attempting to meet the [joinder of parties and pleading amendment] deadline," and this

standard can be met by the provision of "an adequate explanation for any delay." *Minter*, 451 F3d at 1205 n.4 (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does). "While rigid adherence to the pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the pleading amendment deadline requires that parties conduct discovery efficiently and promptly in order to timely comply. *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later."); *Sanchez v. City & Cnty. of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (unpublished decision) (noting that "the purpose of the deadline to amend and add contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be"). However, "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause for such amendment pursuant to Rule 16(b)[(4)]." *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010) (citing *Pumpco*, 204 F.R.D. at 668-69).

Here, Plaintiff does not allege that she learned of new information after the deadline for joinder of parties and amendment of pleadings, instead, Plaintiff "acknowledges that she did not file a motion to extend the deadline[ ] for amending her complaint." *Motion* [#41] at

2 n.1. Plaintiff states that "[t]here were several reasons underlying [her] decision" not to file

such a motion.  *Id.*  Plaintiff offers the following explanation:

> the information [P]laintiff received that led her to believe she might need to
> amend was provided to her very close to the deadline for amending, she
> needed time to conduct her due diligence to see if she had the facts and
> legal authority in order to move to add GenX Clothing as part of an integrated
> enterprise, and even then, after deciding that she did need to amend she had
> a duty to meet and confer with Defendant [GenX's] counsel about the
> proposed amendment, and finally, Eagle Claw Security and Mr. Galeote, its
> owner, were going to be added as parties and [P]laintiff assumed that the
> scheduling deadlines would have to be revised anyway.

*Id.*  Plaintiff further explains that she "did not know if or when she would move to amend

and a motion to extend the deadlines seemed both premature and speculative with regard

to any newly proposed deadline she might have picked."  *Id.*  Plaintiff also alleges that the

meet and confer process between Plaintiff and Defendants "consumed four weeks."  *Id.*

Defendant GenX argues that because Plaintiff admits that "the information [P]laintiff

received that led her to believe she might need to amend was provided to her very close

to the deadline for amending," *Motion* [#41] at 2 n.2, Plaintiff "cannot establish good cause"

pursuant to Fed. R. Civ. P. 16(b)(4).  *Response* [#46] at 4.  The Court is inclined to agree.

In some cases, a party may learn new information after the amendment of pleadings

deadline has passed and, in such an instance, the newly-acquired information satisfies

Rule 16's good cause requirement.  *See, e.g., Pumpco, Inc.*, 204 F.R.D. at 668-69 ("[t]he

fact that a party first learns, through discovery or disclosures, information necessary for the

assertion of a claim after the deadline to amend established in the scheduling order has

expired constitutes good cause to extend that deadline."); *see also Lewis v. Denver Fire

Dep't,* 09-cv-00004-PAB-MJW, 2010 WL 3873974, at *7-8 (D. Colo. Sept. 28, 2010) (good

cause shown to amend complaint after the scheduling order's deadline where plaintiff first

7

learned of new information through depositions).  However, that is not the case here.  In

this case, Plaintiff admits that she was aware of the deadline but failed to file a motion

seeking an extension because she "assumed that the scheduling deadlines would have to

be revised" due to the addition of other parties.  Moreover, she claims that the meet and

confer process "consumed four weeks."  *Motion* [#41] at 2 n.2.  It is clear from Plaintiff's

Motion that she was aware of the deadline and simply chose not to file anything prior to the

deadline.  Such conduct does not constitute good cause.  Further, Plaintiff's reliance on the

meet and confer process as an excuse for her failure to file the Motion prior to the deadline

is misplaced.[3]  D.C.COLO.LCivR 7.1A states,

> The Court will not consider any motion, other than a motion under Fed. R.
> Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before
> filing the motion, has conferred or made reasonable, good faith efforts to
> confer with opposing counsel or a *pro se* party to resolve the disputed matter.
> The moving party shall state in the motion, or in a certificate attached to the
> motion, the specific efforts to comply with this rule.

As soon as Plaintiff realized that the deadline was upon her, she should have filed a motion

to extend the deadline or the instant Motion which included a description of her

"reasonable, good faith efforts to confer" or an explanation of her inability to comply with

Local Rule 7.1A prior to filing such a motion.  The language in Local Rule 7.1A allows for

the filing of motions even when the parties' disputes regarding the motions have not been

resolved or when counsel has been unable to contact opposing counsel after diligently

trying to do so.  Accordingly, the excuses offered by Plaintiff do not meet "Rule 16(b)['s] .

. . stringent standard, [which] requir[es] some persuasive reason as to why the amendment

---

[3] Notably, Plaintiff claims the meet and confer process began on July 16, 2013, *Motion* [#43]
at 2 n.2, more than two weeks after the June 29, 2013 deadline for joinder of parties and
amendment of pleadings.

could not have been effected within the time frame established by the [C]ourt." *Colo. Visionary Acad.*, 194 F.R.D. at 687-88 (quotation omitted) (concluding that good cause was not established when "defendants admit that the delay in seeking amendment is the result of their failure earlier in the case to do the research necessary to recognize the applicability of the defense they seek to add.").[4]  Plaintiff has failed to provide any persuasive reason for her failure to meet the joinder of parties and pleading amendment deadline.  The Court finds that, under these circumstances, Plaintiff has not provided good cause for requesting leave to amend outside the pleading amendment deadline. *See Colo. Visionary Acad.*, 194 F.R.D. at 687 ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); *Lopez v. Suncor Energy (U.S.A) Inc.*, No. 11-cv-00081-LTB-BNB, 2012 WL 2317374, at *2 (D. Colo. June 1, 2012) ("Oversight of plaintiff's original counsel in bringing the claim does not demonstrate good cause."); *Powell v. CREDO Petroleum Corp.*, No. 09-cv-01540-WYD-KLM, 2011 WL 2565490, at *3 (D. Colo. June 29, 2011) ("An oversight does not demonstrate good cause.").

Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distrib., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir.1984).  Here, the proposed Third Amended Complaint [#41-5] seeks to add factual allegations to support Plaintiff's theory that GenX

---

[4] The Court does not address the issue of whether Plaintiff's proposed claims against GenX Clothing are meritorious.  Unfortunately, "we will never know because clients like [Plaintiff] are usually bound by their lawyers' actions—or, as here, inactions." *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013).

Clothing and Defendant GenX constitute one enterprise.[5]   Defendant GenX argues that Plaintiff knew or should have known facts that demonstrate the relationship between GenX and GenX Clothing.   *Response* [#46] at 7.   Defendant alleges that Plaintiff could have easily discovered that GenX and GenX Clothing share a common mailing address and agent for service of process through searches of the Colorado Secretary of State and the California Secretary of State web sites.   *See generally Response Ex. 1* [#46-1] and *Response Ex. 2* [#46-2] (copies of the web pages listing the same mailing address in Vernon, California, and agent for service of process for both entities).   Defendant GenX also points to a July 12, 2012 letter to the EEOC that was part of Plaintiff's EEOC file which states that Ms. Linda Lee, an attorney in Los Angeles, "represents Gen X Clothing, Inc. in connection with the [Hillary Valles v. Gen X] matter."   *See Response Ex. 3* [#46-3] at 1; *see also Motion Ex. 3* [#41-3] (letter from Ms. Lee stating that the correct name of the employer in the EEOC matter is "Gen X Echo B, Inc.").   The July 12, 2012 letter indicates that Plaintiff knew of GenX Clothing as a potential defendant regarding her Title VII claims at the latest in July 2012.   However, she failed to name GenX Clothing in her original Complaint [#1] which was filed on January 28, 2013, or any other complaint filed in this action prior to the joinder of parties and pleading amendment deadline.

   In addition, Defendant GenX argues that the new factual allegations included in the proposed Third Amended Complaint relating to the relationship between Defendant GenX and GenX Clothing were known to Plaintiff prior to the amendment deadline.   *Response*

---

[5]   In her Motion, Plaintiff admits that "[i]t is beyond dispute that the claims against the Enterprise[, GenX Clothing and GenX combined,] arose out of the same occurrences as set forth in the original complaint."   *Motion* [#41] at 8 n.2.   It is, therefore, clear that the newly alleged facts relate solely to the relationship between the two entities.

[#46] at 7.   For example, Defendant GenX claims it served the employee handbook mentioned in paragraph 19 of the proposed Third Amended Complaint on Plaintiff on June 25, 2013.   *Id.*   Regarding Defendant Rangel's transfer, Defendant GenX claims this information was contained in the police report Plaintiff served on Defendant GenX on April 18, 2013.   *Id.*   While Defendant GenX does not provide these documents to the Court, Plaintiff had an opportunity to refute these allegations and has not done so.   Further, the Court has been provided with no evidence which would call into question the veracity of these statements and, as defense counsel is aware, submission of factual contentions which lack evidentiary support may result in sanctions being imposed on counsel.   *See* Fed. R. Civ. P. 11(c).

Based on this evidence, the Court finds that Plaintiff "kn[ew] or should have known of the facts upon which the proposed amendment is based" and the Motion is subject to denial on this basis alone.   *State Distrib., Inc.,* 738 F.2d at 416; *see also Marona Photography, Inc. v. Los Altos Boots, Inc.*, No. 12-cv-00163-WYD-MJW, 2012 WL 5631667, at *2 (D. Colo. Nov. 15, 2012) (denying motion to amend because "the existence of that copyright registration . . . was known to plaintiff, or should have been known with reasonable diligence, prior to [the amendment deadline].").

## B.   The Motion Was Unduly Delayed

As noted above, if Plaintiff fails to show good cause pursuant to Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, *i.e.*, whether Plaintiff satisfied the requirements of Rule 15(a).   *Nicastle*, 2011 WL 1465586, at *3.   However, the Court briefly notes that even if the Court found good cause pursuant to Fed. R. Civ. P. 16(b)(4), the Court would still deny the Motion pursuant to Fed. R. Civ. P. 15(a) based on

undue delay.  *Minter*, 451 F.3d at 1205.  "The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue."  *Id.* at 1206.  The Tenth Circuit "focuses primarily on the reason for the delay."  *Id.*  A motion to amend is untimely if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims.  *Id.* at 1206 (citations omitted).  Other common reasons for finding undue delay include lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend.  *Id.* (citations omitted).  As noted above, the Court finds that: (1) Plaintiff fails to provide an adequate explanation for the delay and (2) she knew or should have known of the facts in the proposed amendment but did not include them in the original Complaint or any prior attempts to amend.  Under these circumstances, the Court finds that Plaintiff's Motion was unduly delayed.

### III.  Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motion [#41] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S.

140, 147-48 (1985), and also waives appellate review of both factual and legal questions.
*Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91
F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must
be both timely and specific to preserve an issue for de novo review by the District Court or
for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th
Cir. 1996).

Dated:  September 27, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge