IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00201-RM-KLM

HILLARY VALLES,

    Plaintiff,

v.

MARTIN COLLAZO RANGEL,
EAGLE CLAW SECURITY LLC, and
ARACELI GALEOTE,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court *sua sponte*. On December 3, 2013, the Court ordered Plaintiff to show cause why her case should not be dismissed for lack of subject matter jurisdiction. *Order to Show Cause* [#57] at 3. Specifically, the Court stated:

> In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires sua sponte action. *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of [the] parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S.*

*Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Here, the Court's subject matter jurisdiction was premised on claims asserted against former defendant Gen-X Echo B, Inc. *See Am. Compl.* [#27] at ¶ 3. However, former defendant Gen-X Echo B, Inc. was voluntarily dismissed from this case on November 26, 2013. *See Order* [#56] at 1. The only basis for jurisdiction over Plaintiff's state law claims against Defendants offered by Plaintiff is 28 U.S.C. § 1367(a), which allows the Court to exercise supplemental jurisdiction "over all other claims that are so related to the claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy . . ." Here, any claim over which the Court had original jurisdiction has been dismissed. Accordingly, Plaintiff has failed to provide a basis for the Court to exercise subject matter jurisdiction over her assault claim against Defendant Martin Collazo Rangel and her negligence claim against Defendants Eagle Claw Security LLC and Araceli Galeote. *See Am. Compl.* [#27] at ¶¶ 47-58.

Plaintiff alleges that she and Defendants are all citizens of Colorado. *Id.* at ¶¶ 5, 7-10. Therefore, the Court is not satisfied that it has jurisdiction pursuant to 28 U.S.C. § 1332 because diversity jurisdiction pursuant to Section 1332 requires that the matter be a "controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941) (citation omitted). As Plaintiff and Defendants are citizens of the same state, the matter is not completely diverse. In addition, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Here, Plaintiff does not allege specific damages to meet this threshold. *See generally Am. Compl.* [#27].

Further, Plaintiff does not plead any violations of the United States Constitution, federal laws, or federal treaties against Defendants. As a result, the Court is not satisfied that it has jurisdiction pursuant to 28 U.S.C. § 1331.

As the requirements for neither federal question jurisdiction (28 U.S.C. § 1331) nor diversity jurisdiction (28 U.S.C. § 1332) appear to be met, the Court concludes that it may lack subject matter jurisdiction over this lawsuit.

Plaintiff failed to respond to the Order to Show Cause. Plaintiff has therefore failed

to provide any information that contradicts the Court's conclusion in the Order to Show Cause that it lacks subject matter jurisdiction over this case. Absent an assurance that jurisdiction exists, a court may not proceed in a case. See Cunningham, 427 F.3d at 1245. ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." (citation omitted)). Accordingly,

I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED without prejudice** for lack of subject matter jurisdiction. See Brerton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006); Frederiksen v. City of Lockport, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissal for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

IT IS FURTHER **ORDERED** that the Order to Show Cause [#57] is made **ABSOLUTE**.

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for February 18, 2014, at 10:00 a.m. is **VACATED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v.

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 15, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge